BEFORE THE FIRST DIVISION, SEPTEMBER 9, 1954

No. 58362.—Hermes of Paris, Inc., and American Express Co. *v.* United States, protests 179756–K, etc. (New York).

OLIVER, Chief Judge: This case relates to merchandise described on the invoices as dog-collar belts. In all of the protests, except protest 179756–K/5644–51, the articles were assessed with duty at the rate of 55 per centum ad valorem under the provision for jewelry, commonly or commercially so known, of whatever material composed, valued above 20 cents per dozen pieces, in paragraph 1527 (a) of the Tariff Act of 1930, as modified by T. D. 51802. The merchandise covered by protest 179756–K/5644–51 was assessed with duty at the rate of 45 per centum ad valorem under paragraph 1527 (c) (2) of the Tariff Act of 1930, as modified by T. D. 51802, as articles, designed to be worn on apparel or carried on or about or attached to the person, composed wholly or in chief value of metal other than gold or platinum, valued above $5 per dozen pieces or parts.

Plaintiffs claim classification under the provision in paragraph 1531 of the Tariff Act of 1930, as modified by T. D. 51802, for belts, designed to be worn on the person, of which leather is the component material of chief value, carrying a dutiable rate of 17½ per centum ad valorem.

A sample of the present merchandise was admitted in evidence (plaintiffs' exhibit 2). It is a leather belt, 30 inches long and 1¾ inches wide, and ornamented with highly polished metal attachments, uniquely designed to make an attractive article. Some of the metal attachments have been made and fitted to the belt so as to serve as a buckle and fastening device; others have no utilitarian purpose, but are purely ornamental.

The component material of chief value of these belts is established by the testimony of the manager of the foreign manufacturer, whose testimony was taken by deposition under a commission issued out of this court (plaintiffs' exhibit 1). The witness testified that the business of the French exporter is the manufacture and sale principally of leather goods; that he has been associated with his employer for 25 years; that he is in charge of the commercial end of the business; and that he is familiar with the manufacturing processes, the materials used, and the costs incurred in the production of the articles under consideration. He testified that these belts are composed of leather and brass. Describing the method and the processes employed in assembling the belts in condition ready for use, the witness testified that leather in skins is purchased, and rough castings, made from models supplied by the manufacturer of the belts, are polished and gilded. From these basic materials, the finished belts are produced by cutting the leather to the desired length and width and then attaching the metal parts, as shown by said exhibit 2. Based upon costs of the materials at a time when all the parts were assembled ready to be made into the finished belt, the witness' testimony shows leather to be the component material of chief value.

This factual finding makes erroneous the collector's action as to the articles covered by protest 179756–K/5644–51 because paragraph 1527 (c), as modified, *supra,* invoked by the classifying officer, applies only to merchandise, composed wholly or in chief value of metal. Hence, our consideration is confined to the

question whether the present merchandise is jewelry, within the provisions of paragraph 1527 (a), as modified, *supra*, as assessed, or belts of the class contemplated by said modified paragraph 1531, as claimed.

On this phase of the case, plaintiffs offered the oral testimony of three witnesses. Francis Blum, associated since 1949 with Hermes of Paris, Inc., the importer of the present merchandise and United States representative of the French manufacturer and exporter, stated that he ordered the belts in question, that the said Hermes of Paris, Inc., handles mostly leather articles, and that none of the merchandise imported by it is sold to the jewelry trade or to dealers in jewelry. Referring to the belts in question, the witness expressed the opinion that they are an ordinary type that would be purchased merely to hold up a skirt, and he testified further that he had seen these belts worn by women around their waists "many times during the past few years."

Robert Barre, a manufacturer of jewelry for 18 years and whose experience also included the sale of jewelry, testified that he never manufactured a belt like the article in question (exhibit 2, *supra*), and that he had never seen such an article sold or handled by the jewelry trade, either wholesale or retail.

Jeanne Genet, who is thoroughly familiar with women's fashions, has been employed by Lentheric, Inc., of New York City, displaying and selling its merchandise, which includes the belts in question as well as skirts and dresses. The witness testified that she has sold the belt in question with a skirt "to complete the skirt; just as you buy a blouse to complete the skirt," and that the article in question is the ordinary type of belt which a woman gets when she buys a skirt.

Whether or not an article be such as is commonly or commercially known as jewelry, "is a matter to be decided in accordance with the facts in each particular case." *United States* v. *Doragon Co. et al.*, 13 Ct. Cust. Appls. 182, T. D. 41051. In the case of *United States* v. *Heinrich Herrmann & Weiss*, 30 C. C. P. A. (Customs) 47, C. A. D. 213, wherein link cuff buttons, made of pigskin leather, were held to be classifiable as manufactures of leather and not as jewelry, our appellate court stated that "before articles claimed to be jewelry, no matter of what materials they may be constructed, should be classified as was the involved merchandise, they must be so ornamental as to be commonly or commercially known as jewelry."

The belts in question do not respond to such a description. Samples are potent witnesses. *United States* v. *May Department Stores Co.*, 16 Ct. Cust. Appls. 353, T. D. 43090; *United States* v. *Bernard, Judae & Co.*, 18 C. C. P. A. (Customs) 68, T. D. 44029; *United States* v. *The Halle Bros. Co.*, 20 C. C. P. A. (Customs) 219, T. D. 45995. The sample of the present merchandise (exhibit 2, *supra*) lends much support to plaintiffs' uncontradicted testimony, establishing that the belts in question are primarily articles of wearing apparel. The ornamental brass attachments give eye appeal to the belts and may promote the salability of the articles, but their presence on the merchandise in question does not add such ornamentation as would bring these belts into the category of "Jewelry, commonly or commercially so known," paragraph 1527 (a), as modified, *supra*.

On the basis of the present record, the articles in question are specifically provided for in paragraph 1531, as modified, *supra*, as belts, designed to be worn on the person, and of which the component material in chief value is leather, and dutiable thereunder at the rate of 17½ per centum ad valorem, as claimed by plaintiffs.

Counsel for defendant in their brief have cited several cases which involved either classes of merchandise or issues that were materially different from what is before us. We have carefully considered all of those cases and find that none affects the reasoning employed or the conclusion reached herein.

The protests are sustained and judgment will be rendered accordingly.